THOMAS JAMISON, Respondent, v. JOAQUIN KING, Appellant.

No. 3577; April 16, 1874.

**Life Insurance.—The Administrator is the Proper Person to Sue** for the recovery of an insurance policy on the decedent's life made out in favor of the insured himself.

**Life Insurance.—An Administrator Suing on an Insurance Policy Assigned** by the decedent on his deathbed may, if his complaint is based on a fraudulent assignment, amend the same so as to have it charge a donation in expectation of immediate death.

**Administrators.—In a Suit by an Administrator Accounts Filed by Creditors,** and allowed as just, may be shown in order to prove that such claims were filed against the estate.

**An Assignment by a Dying Debtor to His Creditor may not After the Death,** if the estate proves to be insolvent, be allowed to benefit the taker up to the full amount of the thing assigned, but the taker is entitled to judgment for so much of it as will satisfy the debt.

APPEAL from Sixth Judicial District, Sacramento County.

The plaintiff was a public administrator to whom had issued letters on the estate of one John King, deceased. The debts were largely in excess of the assets, and the administrator wished to subject to them an insurance policy King had had on his life, made originally payable to himself, which policy the assured had, a day or so before his death, assigned to his brother, the defendant here. The plaintiff's bill was for an injunction to restrain the defendant and his attorney from having the insurance company pay them the policy, and for the setting aside of the transfer, or assignment, and also for the appointment of a receiver to take and hold the

policy, collect it, etc., and pay over the proceeds to the plaintiff to be made part of the general assets. The court allowed, over the defendant's objection, the complaint to be amended. Originally it had been based on a fraudulent assignment, while as amended it charged a donation of the life policy in expectation of immediate death, so that, according to the defendant's contention, the action was changed in its nature. At the trial Joaquin proved he had worked for his brother for more than twenty-eight months without having been paid anything for his services, and that besides he had loaned his brother six hundred dollars, which had not been returned. Other witnesses testified to the efficient help he had been to his brother in his business, while the evidence of a witness to the assignment was that on executing the latter John had remarked upon having overworked Joaquin, and had added, "I must do something for him."

Beatty & Denson for respondent; McKune & Welty for appellant.

See Jamison v. King, 50 Cal. 132.

RHODES, J.—The administrator is the proper person to sue for the recovery of the policy or its proceeds, for the benefit of the creditors of the estate.

There was no error in permitting the plaintiff to amend the complaint in the manner shown by the record. The indorsement on the policy was sufficient to constitute a valid assignment of it to the defendant King.

The accounts filed by creditors of the estate, and allowed by the administrator and the probate judge were admissible in evidence. While they might not be competent proof of the fact or the amount of the indebtedness of the estate, they were proof of the fact that such claims were filed against the estate.

The court found that the indorsement and delivery of the policy "were made in immediate expectation of death, and not solely in consideration of a pre-existing debt, but chiefly as a gift." No fraudulent intent is found. The evidence clearly, and without conflict, establishes the existence of the debt, at the time of the assignment of the policy, and proves that such indebtedness was a part, at least, of the considera-

tion of the assignment. In view of the insolvency of the estate, the defendant King may not be entitled to the benefit of the assignment of the policy as a gift, but he is entitled to the judgment of his debt out of the policy. The judgment, therefore, taking the policy out of his hands, without making provision for the payment of his debt out of the proceeds of the policy or otherwise, cannot be sustained.

Judgment and order reversed and cause remanded for a new trial. Remittitur forthwith.

We concur: Crockett, J.; Niles, J.; McKinstry, J.; Wallace, C. J.